IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 654 HEALTH AND WELFARE FUND et al., Plaintiffs, | : : : : : : : : : : : | Civil Action No. 18-5534 |
| v. | | |
| TINA HUDLOW et al., Defendants. | | |

## MEMORANDUM

**McHUGH, J.**                                                                                                                   **March 26, 2019**

      This is an interpleader action where a union benefits plan seeks to pay into court the proceeds of a life insurance policy because of a dispute as to the lawful beneficiary. A stakeholder may properly seek interpleader if it is facing competing claims for insurance proceeds and had no fault in causing the controversy. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 263 (3d Cir. 2009). Typically, interpleader shields the stakeholder from the competing claims to the interpleaded funds, allowing the stakeholder to exit the litigation and have the defendants themselves determine who is entitled to the funds. *Id.* at 264. Under the modern rule, the stakeholder may be kept in the litigation for counterclaims based on liability independent from the controversy. *Id.*

      In its decision in *Hovis*, the Third Circuit explained that interpleader protection may even extend to counterclaims that facially appear to be based on independent liability. *Id.* at 259. There, the beneficiary of a life insurance policy was changed from the decedent's son to her fiancé, who was also the agent who sold her the insurance policy. *Id.* at 259-60. The fiancé submitted the policy changes to the insurer, requesting that they be processed on an

1

expedited basis due to the decedent's terminal condition. *Id.* at 260. The insurer, however, did not process the changes immediately because the fiancé did not seek an exception to the insurer's policy prohibiting its agents from having an interest in an insurance policy unless they are members of the decedent's immediate family. *Id.* While the insurer was concluding an internal investigation, the decedent's son, and prior beneficiary, informed the insurer that he intended to file a claim and expressed a belief that the change in beneficiary was fraudulent. *Id.* at 261. The insurer then sought interpleader action to resolve who was entitled to the funds. *Id.* The fiancé responded with counterclaims for, *inter alia*, breach of contract and breach of fiduciary duty on the basis that the insurer failed to process the change in beneficiary in a timely manner. *Id.*

The Third Circuit determined that the insurer had properly brought the interpleader action and that interpleader shielded it from the fiancé's counterclaims. First, the insurer was not at fault for the controversy because the controversy arose from the "unmistakable appearance of impropriety" surrounding the beneficiary change, and the subsequent claim, rather than the failure of the insurer to quickly comply. *Id.* at 263. Second, interpleader prevented the counterclaims because they were not based on liability independent from the controversy. Rather they arose out of the refusal to find in the fiancé's favor and pay out his claim: had the insurer immediately paid the fiancé, the son would have objected. *Id.* at 264-65. "Where a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty." *Id.* at 265.

*Hovis* is analogous to this case and compels me to find both that Plaintiffs' interpleader action is proper, and that Defendant's counterclaims against Plaintiffs are barred. First, as in *Hovis*, there is no indication that Plaintiffs' are at fault for the controversy. The Defendants'

2

competing claims arise from the following facts: the decedent died before the finalization of his divorce from one of the claimants, which included a property settlement agreement that may or may not have impacted her rights to the policy, and the insurer received a beneficiary change after the decedent's death. Additionally, the insurer noted discrepancies in each of the two beneficiary designations that had been executed by the decedent. Under these facts, Plaintiff's refusal to choose between the Defendant's was warranted, rendering interpleader proper.

Second, like *Hovis*, the Defendant's counterclaims are based on Plaintiffs' alleged failure to timely process a beneficiary change where the propriety of the claim was open to question. Plaintiffs hesitated because the beneficiary change designation was received after the decedent's death and there were discrepancies compared with the prior designation. Had Plaintiffs changed the beneficiary designation in favor of Ms. Winters, the dispute would not have been resolved, but simply taken a different form, with Ms. Hudlow asserting her claim to the proceeds. Plaintiffs have appropriately declined to resolve this dispute, and through interpleader seek to have a court make a determination as to the lawful beneficiary. Given the nature of the counterclaims, the interpleader action shields Plaintiffs from liability.

An appropriate order will issue.

/s/ Gerald Austin McHugh
United States District Judge